J-S28025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| QUINTIS CLARK | : | |
| | : | |
| Appellant | : | No. 303 EDA 2024 |

Appeal from the PCRA Order Entered January 4, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009778-2016

BEFORE:  STABILE, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 30, 2024**

Quintis Clark (Appellant) appeals, *pro se*, from the order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

An exhaustive recitation of the underlying factual history is not necessary for disposition of the instant appeal.  In short, the Commonwealth alleged that on May 30, 2016, Appellant participated in a burglary during which Appellant, acting as a principal or an accomplice, killed the 78-year-old victim.  ***See*** N.T., 6/13/18, at 52-56 (the Commonwealth's factual recitation); ***see also*** Affidavit of Probable Cause, 6/5/16, at 1.  On October 24, 2016, the Commonwealth filed a criminal information charging Appellant with, *inter alia*, first-degree murder.

On June 13, 2018, Appellant entered a negotiated guilty plea to third-degree murder, burglary, robbery, and conspiracy to commit robbery.[1] Immediately following the plea hearing, the trial court sentenced Appellant to an aggregate 35 to 70 years in prison. Appellant filed an untimely post-sentence motion to modify his sentence, which the trial court denied on October 18, 2018. Appellant did not file a direct appeal.

On May 20, 2019, Appellant, *pro se*, timely filed his first PCRA petition. The PCRA court appointed counsel, who, on July 13, 2020, filed a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 26, 2020, the PCRA court issued notice of intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907. Appellant filed a *pro se* response. The PCRA court dismissed Appellant's petition by orders dated December 2 and 9, 2020.[2]

On December 9, 2022, Appellant, *pro se*, filed the instant PCRA petition, his second. Therein, Appellant alleged he was entitled to withdraw his guilty plea and proceed to trial because 1) Appellant "was contacted by 'Right to be Free' informing [him] of the 'dirty cops' in Philadelphia [] resulting in [his]

---

[1] **See** 18 Pa.C.S.A. §§ 2502(c), 3502(a)(1), 3701(a)(1)(i), 903(a)(1), respectively.

[2] The record does not disclose why the PCRA court issued two orders dismissing Appellant's first PCRA petition.

conviction[,]" and 2) trial counsel did not "fully explain the [sentencing] process … prior to sentencing due to [Appellant's] (low) education level." PCRA Petition, 12/9/22, at 4. Appellant asserted his untimely filing should be excused because (a) law enforcement presented "false evidence resulting in his plea"; (b) Appellant "was on psychotrop[]ic med[ications] at the time [he] pled guilty[, and he] can't read or write"; and (c) Appellant's trial counsel failed to "file [a] motion to vacate [his] sentence after [] detectives were found to be using illicit actions in the courts." *Id.* at 3.

On December 4, 2023, the PCRA court issued a Rule 907 notice of intent to dismiss Appellant's PCRA petition. Rule 907 Notice, 12/4/23. In its notice, the PCRA court opined that Appellant's second PCRA petition was untimely, and "does not invoke an exception to the timeliness provisions of the [PCRA]." *Id.* at 1 (unpaginated).

On December 26, 2023, Appellant filed a response averring he was not "aware that his below level mental capacity[,] along with his being under the influence of the drugs[] Zyprexa and Benadryl[,] … made his guilty plea unknowing and involuntary." Response, 12/26/23, at 1. Appellant claimed he only became aware that his guilty plea was invalid after discussing the matter with another prison inmate. *Id.* Appellant further alleged the Philadelphia District Attorney's Office provided him with information concerning "dirty officers [in the] Philadelphia Police Department." *Id.*; *see also id.*, Attachment (correspondence from the Philadelphia District

Attorney's Office, dated February 22, 2023, stating three detectives "potentially having been involved in" Appellant's case, "have or may have engaged in misconduct that necessitate[d] disclosure").

On January 4, 2024, the PCRA court issued an opinion and order dismissing as untimely Appellant's second PCRA petition. Appellant timely appealed. The PCRA court did not order Appellant to file a concise statement of issues complained of on appeal. The PCRA court adopted its January 4, 2024, opinion as its Pa.R.A.P. 1925(a) opinion.

Appellant presents the following issues:

    A.    Did the PCRA court err in denying Claim 1 of Appellant's PCRA petition?

    B.    Did the PCRA court err in denying Claim 2 of Appellant's PCRA petition?

    C.    Did the PCRA court err in denying Claim 3 of Appellant's PCRA petition?

Appellant's Brief at 2.

Notwithstanding Appellant's vague Pa.R.A.P. 2116 Statement of Questions Involved, upon review of the arguments he presents in his brief, we discern Appellant challenges 1) the validity of his guilty plea, and 2) the Commonwealth's failure to provide him with purportedly exculpatory evidence. *Id.* at 6-8.

"Appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v.***

*Maxwell*, 232 A.3d 739, 744 (Pa. Super. 2020) (*en banc*) (citation and quotation marks omitted).

Preliminarily, we must address the timeliness of Appellant's PCRA petition. Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final…." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9544(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of an untimely petition. *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003).

Instantly, Appellant's judgment of sentence became final in July 2018,[3] when his time for seeking direct review with this Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). As Appellant filed his second PCRA petition more than four years later, his petition is facially untimely.

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner satisfies one of three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[3] Appellant's untimely post-sentence motion did not toll the 30-day appeal period. *See* Pa.R.Crim.P. 720(A)(3).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* § 9545(b)(1)(i-iii). A petition invoking an exception must be "filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). "[I]t is the petitioner's burden to plead and prove that one of the exceptions applies[.]" ***Commonwealth v. Jones***, 54 A.3d 14, 17 (Pa. 2012) (citation omitted).

Here, although Appellant does not reference the applicable statutes, he appears to invoke the newly-discovered fact and governmental interference exceptions to the PCRA's jurisdictional time-bar. ***See*** Appellant's Brief at 8-9. Appellant asserts that 1) he was unaware of the contents of the written plea agreement until he learned to read in prison, and 2) the Commonwealth withheld exculpatory evidence relating to law enforcement misconduct. ***Id.***

The newly-discovered fact exception at 42 Pa.C.S.A. § 9545(b)(1)(ii) "requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015).

Concerning the newly-discovered fact exception, the entirety of Appellant's argument follows:

- 6 -

It was not until 7/17/19, following several months of reading and comprehend[s]ion tutoring sessions[,] … that [A]ppellant became able to read and understand the language that made up the plea agreement. Whereas, the terms and penalty are different from what [Appellant] was made to believe, pre-sentence.

Appellant's Brief at 8.

The PCRA court addressed Appellant's invocation of the newly-discovered fact exception in its Pa.R.A.P. 1925 opinion:

At the outset, this [c]ourt finds that [Appellant] failed to substantiate the alleged fact at issue and his failure to do so is fatal to his [newly-discovered fact exception] claim. … [T]he only evidence offered in support of the alleged fact that [Appellant's] guilty plea is invalid due to his purported mental incompetence is [Appellant's] unsupported assertions that he was on psychotropic medication and could only read and write at a third[-]grade level at the time of the plea. … Moreover, [Appellant's] assertions that he was medicated and had poor literacy skills at the time of the plea, even if true, would not be sufficient to establish the alleged fact that [Appellant] was too mentally incompetent to consent to a plea agreement. …

Furthermore, even if [Appellant] could substantiate the alleged fact at issue, his time bar claim would nonetheless fail because he failed to establish this purported fact was previously unknown. [Appellant] does not give any indication of when he discovered the alleged fact that he was too mentally incompetent to consent to his guilty plea. Moreover, [Appellant] fails to offer any explanation as to how his own purported mental condition during a 201[8] hearing that [Appellant] was present for and subject to could have previously been unknown to him when he filed the instant [PCRA p]etition more than [four] years later. [Appellant's] failure to even attempt to establish that the alleged fact at issue was previously unknown is fatal to his time bar claim.

PCRA Court Opinion, 1/4/24, at 2-3 (unpaginated).

Upon review, we agree with the PCRA court that Appellant has failed to plead and prove the existence of a newly discovered fact. Appellant was

present at (and participated in) his guilty plea hearing. Even assuming the truthfulness of his illiteracy claim, Appellant was aware of his illiteracy at the time of his plea hearing. *See* N.T., 6/13/18, at 18 (Appellant advising the trial court that he could write English and read "some" English); *see also id.* at 23 (the trial court and guilty plea counsel discussing the "battery of tests administered" to Appellant establishing his competency). Therefore, Appellant failed to plead and prove the newly-discovered fact exception at subsection 9545(b)(1)(ii). *See Brown*, 111 A.3d at 176; *see also Commonwealth v. Shaw*, 217 A.3d 265, 272 (Pa. Super. 2019) (holding mental illness and learning disabilities do not qualify as "new facts" for purposes of satisfying the subsection 9545(b)(1)(ii) time-bar exception).

Next, Appellant purports to invoke the governmental interference exception to the PCRA's jurisdictional time-bar. He argues "the Commonwealth withheld relevant factual evidence regarding several investigating officers who[] contributed to [Appellant's] case." Appellant's Brief at 8. In support of this assertion, Appellant cites to a pamphlet he attached to his brief, entitled "Right to Be Free," listing 81 Philadelphia detectives "accused, charged, convicted, and/or 'disciplined' for alleged actions of misconduct." *See id.*, Attachment. Appellant claims "the Commonwealth was and/or should have been aware of such facts[,] and th[eir failure] to disclose such information violated [Appellant's] penal interest due to government [i]nterference." *Id.* at 9.

- 8 -

To establish the governmental interference exception under Section 9545(b)(1)(i), "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by governmental officials, and the information could not have been obtained earlier with the exercise of due diligence." *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

As Appellant attempts to invoke the governmental interference exception for the first time on appeal, his claim is waived. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) ("[E]xceptions to the [PCRA's] time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." (citations omitted)); Pa.R.A.P. 302(a) (stating a claim cannot be raised for the first time on appeal).[4]

Based on the foregoing, the PCRA court's conclusion that Appellant's second PCRA petition is untimely is supported by the record and free of legal error. *See Maxwell*, 232 A.3d at 744. Accordingly, we affirm.

Order affirmed.

---

[4] Even had Appellant preserved his issue, it would fail. Appellant does not identify 1) the officers involved in his case who were accused of misconduct; 2) the nature of the misconduct; 3) when the misconduct occurred; 4) how the misconduct impacted his own prosecution; or 5) when the Commonwealth became aware of the misconduct. Accordingly, had Appellant preserved his claim, we would conclude he failed to satisfy his burden of pleading and proving that he was unable to previously raise the issue due to governmental interference. *See Abu-Jamal*, 941 A.2d 1268.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/30/2024